*H. O'Connor*, for appellant.

*W. G. Woodward*, for appellee.

--------•♦•--------

STOCKTON *v.* CITY OF BURLINGTON.

Where the bill of exceptions does not purport to give all the evidence, it will be presumed that the facts as found were sufficiently established by other proof.

Where a notice of garnishment was served within ninety days, and the answer, filed at the next term of court, having been mislaid and a new answer filed : held that the new answer should be regarded as a continuation of the first; held, also, that as the amount due from the garnishee was for personal services rendered within ninety days next preceding the notice, it was exempt from execution and attachment.

*Appeal from Des Moines District Court.*

*Opinion by* GREENE, J.   In the case of L. D. Stockton v. John McCreary, the city of Burlington was garnisheed, and answered through the mayor and recorder, that the city was owing McCreary about $91 75, for work done by him in moving bodies from the old grave yard.

McCreary moved the court to order the money due from the city to be paid over to him, because the amount was his due for personal service rendered within ninety days next preceding the notice of garnishment.   The defendant, being

Stockton *v.* City of Burlington.

the head of a family, claimed the wages to be exempt from execution and attachment.

Stockton moved for a judgment against the city for the amount due to McCreary ; but, upon a hearing of the motion, and the objections to the same by McCreary, it was overruled and the garnishee discharged.    To this decision the plaintiff now interposes two objections : *First*, Because there is nothing in the evidence to show that the debt was due McCreary for his personal services, or that he was the head of a family.    Although these facts may not be sufficiently proved by the evidence contained in the bill of exceptions, still, as the bill of exceptions does not purport to give all the evidence in the case, we must presume that the facts were sufficiently proved to the court below.    *Second*, That as the levy was made in October, 1853, and the work performed in April of that year, more than ninety days elapsed after the service was peformed before the levy was made.    But it seems that the notice of garnishment had been served upon the city at the spring term of the court, and within the ninety days ; and that the city at that term filed an answer, but the plaintiff objected to a hearing at that term, and the hearing was continued till the next term of the court, at which the old answer was misplaced and a new one substituted.    There having been no negligence shown on the part of McCreary, or the city, the court very correctly admitted this substitute answer as a continuation of the original.    The propriety of doing so was addressed to the sound discretion of the court.    Besides, we think this ruling was authorized by § 1668 of the Code.

Judgment affirmed.


*L. D. Stockton*, *pro se*

*T. D. Crocker*, for defendant.